The decision below is hereby signed. Dated:
February 17, 2006.

*S. Martin Teel Jr.*
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                              )
                                   )
THOMAS C. MAXWELL,                 )   Case No. 05-02045
                                   )   (Chapter 13)
          Debtor.                  )

AMENDMENT TO FINDINGS OF FACT AND CONCLUSIONS OF
LAW REGARDING MOTION TO VACATE ORDER OF DISMISSAL

With respect to the debtor's motion to vacate the order of dismissal of this case, the court amends its oral findings of fact and conclusions of law of today. The court amends that oral ruling to strike the finding that the debtor failed to schedule Janice Coclough as a creditor. In fact she was scheduled. However, the court's ruling otherwise remains the same, as supplemented below.

The scheduling of Coclough as a creditor does not alter the conclusion that the order of dismissal ought not be vacated. The debtor's failure otherwise to file proper schedules accurately listing his assets (including motor vehicles in which he had an ownership interest, and an ownership interest in a limited liability company through which he operates his business) and

liabilities (such as secured debt not scheduled), his failure to make plan payments prior to the dismissal of the case, and his failure to produce papers showing an ability to make plan payments, coupled with the debtor's failure timely to oppose the motion to dismiss require denial of the motion to vacate.

Even if the motion to vacate were treated instead as a timely opposition to the motion to dismiss, the trustee carried her burden of showing that the case ought to be dismissed with prejudice as filed in bad faith.  The debtor's failure accurately to complete his schedules was done with knowledge of the inaccuracy of the schedules and a cavalier attitude that accuracy was not essential.  When coupled with the debtor's inability to show that he had a sufficient stream of income to carry out a chapter 13 plan, that conduct demonstrates an abuse of the bankruptcy system which warrants the sanction of dismissing the case with prejudice as filed in bad faith.

[Signed and dated above.]

Copies to: Debtor; Debtor's Attorney; Cynthia A. Niklas.